IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ADRIANNA PEREZ, | § | |
| Institutional ID No. 2818, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-029-M-BQ |
| | § | |
| LAMB COUNTY SHERIFF'S OFFICE, *et al.* | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Adrianna Perez filed this 42 U.S.C.
§ 1983 action on February 4, 2021. ECF No. 1. Under *Special Order No. 3-251*, this case was
automatically referred to the undersigned United States Magistrate Judge for pretrial management.
In her Amended Complaint, Perez alleges that while detained at the Lamb County Jail, officials
violated her constitutional rights. ECF No. 5, at 3–4.[1] For the reasons below, the undersigned
recommends that the United States District Judge dismiss this action for failure to prosecute and
comply with Court orders.

## I.    Background

After reviewing Perez's original Complaint, the Court entered an order on February 5,
2021, requiring Perez to cure certain deficiencies by filing an amended complaint and an
application to proceed *in forma pauperis* (IFP). ECF No. 4. In that order, the Court advised Perez
of her obligation to "promptly notify the Court of any change of address by filing a written notice

---

[1] Page citations to Perez's pleadings refer to the electronic page number assigned by the Court's electronic filing
system.

. . . . " ECF No. 4, at 2 ¶ 5.  Perez received a similar admonishment when she initially filed suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 3, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed.  Promptly file a written change of address notice in your case.").  In addition, the Court's February 18, 2021, order granting Perez permission to proceed IFP directed Perez to update her address.  ECF No. 7, at 2 ¶ 8.

On February 12, 2021, Perez filed her Amended Complaint (ECF No. 5), and the Court commenced preliminary screening under 28 U.S.C. §§ 1915 and 1915A. The Court subsequently directed certain persons and entities to provide authenticated records related to Perez's claims. ECF No. 8.  After receiving and reviewing the records, the Court entered an order on May 6, 2021, requiring Perez, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), so the Court could obtain additional information about the factual basis of her Amended Complaint.  ECF No. 11.  In its order directing Perez to complete the questionnaire, the Court admonished Perez that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action."  *Id.* at 1.  The Clerk mailed the order and questionnaire to Perez's address on file with the Court.  *See* "Clerk's Notice of delivery," dated May 6, 2021.

Although mailed to Perez's last known address, the United States Postal Service returned the Questionnaire on June 2, 2021, as "return to sender," "not deliverable as addressed," and "unable to forward."  ECF No. 12.  Specifically, officials at the Lamb County Jail (Perez's last known address) marked on the envelope, "RTS not Here."  *Id.*  A copy of a previous Court order, which the Clerk mailed as a courtesy to Perez, was likewise returned as undeliverable.  *See* ECF No. 10 (Mar. 19, 2021).

As of the date of these findings and conclusions, Perez has not returned the completed questionnaire or submitted any other type of notice or pleading, nor has she updated her address with the Court. In this posture, the Court can only conclude that Perez no longer wishes to pursue her claims.

## II.    Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Perez's Amended Complaint and ordered the production of authenticated records, which the Court received March 31, 2021. Perez's failure to provide a current mailing address, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to update the Court with her whereabouts, thereby preventing the Court from effectively communicating in any way with the party. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Despite specifically being admonished on at least three occasions that failure to promptly notify the Court of a change in address could result in the dismissal of this action, Perez has failed to maintain with the Clerk of Court her current address. *See* ECF No. 3 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of

address notice in your case."); ECF No. 4 ("Plaintiff shall promptly notify the Court of any change

of address by filing a written notice of change of address with the Clerk.  Failure to file this notice

may result in a recommendation that this case be dismissed for want of prosecution."); ECF No. 7

(same).  As a result, Perez has not returned the Court's Questionnaire.  *See* ECF No. 11.  This

Court has previously dismissed other prisoners' claims for failing to return the Court's

questionnaires.  *See, e.g.*, *Miguel v. McLane*, CIVIL ACTION NO. 5:19-CV-199-BQ, 2021 WL

863213, at *2 (N.D. Tex. Feb. 4, 2021) (recommending dismissal for want of prosecution for

failure to return questionnaire), *R. & R. adopted by* 2021 WL 859138 (N.D. Tex. Mar. 8, 2021);

*Garcia v. Giles W. Dalby's CF*, Civil Action No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov.

4, 2015) (recommending dismissal of complaint without prejudice for failure to return

questionnaire), *R. & R. adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015); *see also Bey v.

Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19,

2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff

failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D.

Tex. Mar. 9, 2016); *Swaissi v. Nichols*, No. Civ.A.3:01-CV-2405-L, 2002 WL 1477429, at *1–2

(N.D. Tex. July 5, 2002) (dismissing case without prejudice where inmate did not timely respond

to court's questionnaire, even after he updated address).

Because Perez has not provided an updated address to the Clerk, and she has wholly failed

to communicate with the Court in this action since February 12, 2021, the district judge should

dismiss this case for want of prosecution.  *See Manzo-Flores v. Dixon*, Civil Action No. 5:13–CV–

00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a

prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer

to the magistrate judge's questionnaire).

### III.    **Recommendation**

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court dismiss Perez's Amended Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.    **Right To Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August **17**, 2021.

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**